UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>DARREN D. ROYSTER,<br><br>　　　　　　　　　　Defendant. | Civil No. 11-CV-2416-WQH (BGS)<br><br>**ORDER CONTINUING HEARING AND REQUESTING FURTHER BRIEFING** |

On June 13, 2013, the United States of America filed Applications for Writ of Continuing Garnishment against Garnishees Chase Bank, U.S. Bank, and USE Credit Union (collectively, "Garnishees") pursuant to 28 U.S.C. § 3205(b)(1). (Doc. Nos. 20, 23, 26.) Also on June 13, 2013, the Clerk's Office filed the Clerk's Notice of Post-Judgment Garnishment/Instructions to Debtor, which was mailed to all parties by the United States. (Doc. Nos. 22, 25, 28.) On June 20, 2013, prior to the answer of any Garnishee, Debtor Darren D. Royster ("Debtor") filed a request for a hearing on the application for writ of continuing garnishment pursuant to 28 U.S.C. § 3205(c)(5). (Doc. No. 32.) Though Debtor's request does not specify which Writ of Continuing Garnishment he objects to, Debtor claims that he is entitled to an exemption of 100% of all his wages, salary, commissions, and periodic or lump sum payments in lieu of vacation because they are necessary for the support of the debtor or the debtor's family. (Id.) On June 25, 2013,

Garnishee USE Credit Union filed an answer stating that it had no money owned by the Debtor. (Doc. No. 33.) On July 17, 2013, Garnishee Chase Bank filed an answer stating that it had no money owned by Debtor. (Doc. No. 34.) On July 22, 2013, Garnishee U.S. Bank filed an answer stating that it had no money owned by Debtor, but Debtor's accounts had been frozen until a release was received from the United States. (Doc. No. 37.)

On July 17, 2013, the Court issued an order directing Debtor to file a brief which identified (a) the total amount of the property held by the Garnishees that qualifies as wages, salary, commission, and periodic or lump sum payments in lieu of vacation as defined in Cal. Civ. Proc. Code §§ 704.070 and .113, 703.080, 706.040, and .051, (b) what Debtor's total earnings that qualify as wages, salary, commission, and periodic or lump sum payments in lieu of vacation as defined in Cal. Civ. Proc. Code §§ 704.070 and .113, 703.080, 706.040, and .051, and (c) what are the total expenses Debtor considers necessary to support himself and his family. (Doc. No. 35.) Debtor was also ordered to provide a declaration under penalty of perjury identifying the sources of the earnings which qualify under the above mentioned California Civil Code for exemption. (Id.) On July 26, 2013, Debtor filed his brief and did not file a declaration. (Doc. No. 38.) On August 9, 2013, the Court entered an order directing Debtor to file another brief and declaration containing the same information, and set a hearing for September 3, 2013. (Doc. No. 39.) On August 13, 2013, the United States filed an ex-parte motion to continue the hearing until September 5, 2013. (Doc. No. 40.) The Court granted the continuance. (Doc. No. 41.) On September 4, 2013, nunc pro tunc to August 30, 2013, the Clerk filed Debtor's second brief, in which Debtor claims to have shared all the requested information with the government. (Doc. No. 42.) Additionally, Debtor claims that the only source of income he has is the income from rent. (Id. at 2.)

After reviewing the Debtor's brief, **IT IS HEREBY ORDERED**:

1. The hearing scheduled for September 5, 2013 regarding Debtor's objection is continued until **September 19, 2013**, at **2:30 p.m.** in Courtroom 1B of the Edward J. Schwartz U.S. Courthouse. Debtor must be ready to explain why his property is exempted, and should bring any documents which support his claims.

2. Each party is to file a brief no later than **September 12, 2013**, on the following issues:

    a. Whether Debtor's objection to the continuing writs of garnishment based on Debtor's claimed exemption are premature due to the fact that Debtor appears to have no money in the garnished bank accounts;

    b. Whether there is a procedure for any party to object to or modify the continuing writs of garnishment in the future should Debtor's current economic status change;

    c. Whether there is a law that limits the maximum amount of garnishment of a debtor's earnings the United States may collect to recover a defaulted student loan;

    d. Whether Debtor qualifies for the claimed exemption; and

    e. Whether rental income qualifies as exempt under Cal. Civ. Proc. Code §§ 704.070 and .113, 703.080, 706.011, 040, and .051.

Dated: September 3, 2013

**BERNARD G. SKOMAL**
United States Magistrate Judge